Hillsborough,  }
Oct. 5, 1915.  }

FRANK AMIDON (FRANK P. KELLOM, *Adm'r*)  v.  LESTER H. LATHAM.

A deed of standing timber which provides that the same is to be cut and removed within three years from the date of the conveyance merely limits the time within which the grantee may enter as matter of right for the purpose of removal; and the purchaser's right of ownership is not forfeited by a failure to remove his property for any period of time less than that prescribed by the statute of limitations.

ASSUMPSIT. The case was heard at the January term, 1909, of the superior court by *Wallace*, C. J., who denied the defendant's motion for a nonsuit, subject to his exception, and found a verdict for the plaintiff on the question of liability. At the January term, 1915, of the superior court, the plaintiff's administrator appeared and moved for an assessment of damages; and thereupon the questions of law arising upon the defendant's exception were transferred by *Branch*, J., on an agreed statement of facts.

January 25, 1900, Sarah C. Prescott conveyed certain standing timber to Amidon, by a deed which provided that the growth was "to be cut and removed within three years." The deed was duly recorded. Amidon did not cut the timber, and in 1908 Sarah conveyed the same to the defendant, who removed and sold it. The plaintiff seeks to recover the value of the timber, or the amount which the defendant received for it.

*Kirk D. Pierce* and *Allen & Faulkner*, for the plaintiff.

*Holman & Smith*, for the defendant.

YOUNG, J.   The question, and the only question, considered is the effect of the clause in Mrs. Prescott's deed to the plaintiff: "said timber to be cut and removed within three years from January 25, 1900." If these words are given their ordinary meaning, they were intended to limit the time within which the plaintiff could, as a matter of right, enter on Mrs. Prescott's land to remove his property, and not to limit the quantity of timber she intended to convey. *Peirce* v. *Finerty,* 76 N. H. 38, 42; *Hoit* v. *Stratton Mills,* 54 N. H. 109. In short, Mrs. Prescott's deed converted all the wood and timber standing on the lot into personal property (*Kingsley* v. *Holbrook,* 45 N. H. 313) and gave the plaintiff the right to leave it there until January 25, 1903. *Plumer* v. *Prescott,* 43 N. H. 277. The only difference, therefore, between this case and *Peirce* v. *Finerty, supra,* is that in that case the defendant claimed the timber, and in this case the defendant has converted it into money; and it was held in that case that the mere fact the plaintiff wrongfully left his property on the defendant's land for any length of time short of that prescribed by the statute of limitations would not, as matter of law, work a forfeiture of his right to it. *Peirce* v. *Finerty,* 76 N. H. 38, 48.

*Exception overruled.*

All concurred.